UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
UNITED STATES OF AMERICA                JUDGMENT INCLUDING SENTENCE
         -v-                            UNDER THE SENTENCING REFORM ACT

RAFAEL RODRIGUEZ                        CASE NUMBER:CR-03-1368(ARR)
----------------------------------x     CHRISTOPHER RENFROE, ESQ
                                        118-35 QUEENS    BOULEVARD
                                         FOREST HILLS, NEW YORK 11375
                                         Defendant's Attorney & Address

THE DEFENDANT:
XXX was found guilty on counts three & four and five of the superseding indictment a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
| --- | --- | --- |
| 21 USC 952(a), 963, 960(a)(1) & 960(b)(4) | CONSPIRACY TO IMPORT LESS THAN 50 KILOGRAMS OF MARIJUANA. | THREE (3) |
| 21 USC 846, 841(a)(1) & 841(b)(1)(D) | CONSPIRACY TO DISTRIBUTE & POSSESS WITH INTENT TO DISTRIBUTE LESS THAN 50 KILOGRAMS OF MARIJUANA. | FOUR (4) |

The defendant is sentenced as provided in pages 2 through     of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
___ The defendant has been found not guilty on count(s)      and is discharged as to such count(s).
XXX Remaining counts are dismissed on the motion of the United States.
XXX It is ordered that the defendant shall pay to the United States a special assessment of $200.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #                          APRIL 13, 2006
                                            Date of Imposition of Sentence
Defendant's Date of Birth 7/23/67

Defendant's Mailing Address:                  ALLYNE R. ROSS, U.S.D.J.

185 OAK STREET, 1ST FL.                          APRIL 13, 2006
                                                    Date
WEST HEMPSTEAD, NEW YORK 11552
                                               A TRUE COPY ATTES
 Defendant's Residence Address:              Date:_____
                                               ROBERT C. HEINEMANN
      ( SAME AS ABOVE )                          CLERK OF COURT

                                             By:_____
                                                  DEPUTY CLERK

Defendant: RAFAEL RODRIGUEZ      Judgment - Page    of
Case Number: CR-03-1368(ARR)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of six (6) months. The sentences on both counts of the superseding indictment are to run concurrently.

___ The Court makes the following recommendations to the Bureau of Prisons:

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,
    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

XXX The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
    XXX before 12:00 noon on 5/23/06 .
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

United States Marshal

By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of two (2)years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) DEFT SHALL NOT POSSESS ANY FIREARMS.
2) DEFT SHALL PARTICIPATE IN SUBSTANCE ABUSE TREATMENT WITH A TREATMENT PROVIDER SELECTED BY THE PROBATION DEPARTMENT. TREATMENT MAY INCLUDE OUTPATIENT OR RESIDENTIAL TREATMENT AS DETERMINED BY THE PROBATION DEPARTMENT. DEFT SHALL ABSTAIN FROM ALL ILLEGAL SUBSTANCES AND/OR ALCOHOL. DEFT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT.

___  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: RAFAEL RODRIGUEZ
Case Number: CR-03-1368(ARR)

Judgment - Page   of

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 200.00   , consisting of a fine of $   N/A    and a special assessment of $ 200.00   .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows:

```
1    UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
2    ------------------------------------x
     UNITED STATES OF AMERICA,
3                  Plaintiff,
                                                03 CR 1368
4

5            versus              United States Courthouse
                                 225 Cadman Plaza East
6                                Brooklyn, N.Y.  11201
     RAFAEL RODRIGUEZ,
7
                  DEFENDANT.
8
     ------------------------------------x
9
                                          April 13,  2006
10                                        10:30 a.m.
              TRANSCRIPT OF SENTENCE
11   Before:  HON. ALLYNE R. ROSS,
                                      DISTRICT COURT JUDGE
12
                       APPEARANCES
13
     ROSLYNN R. MAUSKOPF
14   United States Attorney - Eastern District of New York
     One Pierrepont Plaza
15   Brooklyn, New York  11201
              STEVEN D'ALESSANDRO, ESQ.
16

17   Assistant United States Attorney

18   ATTORNEY FOR DEFENDANT:

19   CHRIS RENFROE, ESQ.
     SABRINA SHROFF, ESQ.
20

21   Court Reporter:  ALLAN R. SHERMAN, CSR, RPR
                      225 Cadman Plaza East Rm 374
22                    Brooklyn, New York  11201
                      Tel: (718) 260-2529  Fax: (718) 254-7237
23

24

25   Proceedings recorded by mechanical stenography, transcription
     by CAT.
```

1          THE COURT: Addressing first the guidelines, the
2  parties agree that defendant's participation in an 80-pound
3  marijuana importation conspiracy calls for a base offense
4  level of 18. The parties sharply dispute their assessment of
5  defendant's role, however. Notwithstanding the government's
6  contentions to the contrary, the probation department persists
7  in its view consistent with that of defendant that defendant
8  is entitled to a four level deduction for minimal role.
9          The government contests any role deduction, urging
10 rather that an aggravating two level enhancement for role is
11 appropriate.
12         I concur with the defendant and the probation
13 department. Indeed, I view defendant's role in this
14 conspiracy as so evanescent and, dramatically limited that even
15 a four level deduction does not suffice to reflect proper
16 mitigation of the seriousness of the offense.
17         The evidence of his participation in this conspiracy
18 derives primarily from a single tape recording of a
19 conversation between Lall and Rodriguez on September 29, 2003,
20 introduced at trial as Government's Exhibit 5 E and several
21 other recordings that place it in context.
22         The evidence established that Lall arranged with a
23 Jamaican marijuana supplier to import a shipment of marijuana
24 on an American Airlines flight from Jamaica and recruited
25 Gullston, a supervisor of the American Airlines warehouse

where the cargo shipment was to be stored either to "pull" the shipment or perhaps to transport the shipment from the warehouse to a Lall associate, or possibly to provide Lall or his associate access to the pallet at the warehouse.

Lall, following a conversation with his supplier, immediately called Gullston and insured his availability to provide the unspecified assistance on the ground when the shipment arrived on October 6, 2003. 2 days later, on September 29, 2003, Lall called Rodriguez, recorded as tape 5E about an entirely separate marijuana scheme, telling Rodriguez that he, Lall, had secured a shipment of 800 pounds of marijuana, leading to a discussion between the two concerning that shipment.

It was only after they had discussed Lall's news that Rodriguez changed the subject, telling Lall that he had "bumped into [Gullston] at a gas station" and during that conversation, Gullston had assured Rodriguez that "whenever you, [Lall], are ready, just let him [Gullston] know and he will give me, [Rodriguez], whatever I want over there".

Initially Lall is perplexed about who and what Rodriguez is referring to, asking Rodriguez: "What are you talking about?" Rodriguez then clarifies that he is referring to Gullston "Anthony from the midnight club," and tells Lall that Gullston related to him that Gullston and Lall had already spoken.

Rodriguez adds: "Now we, [Gullston and Rodriguez] got together. It's all good, dude."

Although there is no evidence of a marijuana shipment on October 6, 2003, the evidence established a seizure of 35 kilograms of marijuana on October 13 following its arrival at JFK on an American Airlines flight originating in Jamaica. After the seizure Gullston arrived at work and left a message for Lall, asking what was going on. Gullston had also tried to contact Rodriguez who had not returned Gulston's call.

In protesting any role reduction for Rodriguez, the government advances the argument that it is reasonable to infer from the evidence that Rodriguez should be accorded a role enhancement as he recruited Gulston and managed his activities.

The government's argument is understandable as it comports with an observation I made in my post-trial opinion rejecting defendant's Rule 29 motion. Upon reflection, however, and closer review of the record, I am persuaded that I was mistaken in observing that this is a permissible inference from the evidence. The only reasonable inference to draw is that Rodriguez at most wanted to confirm for Lall that Gulston would make himself available.

This is evident from a number of facts. First, Lall had already himself directly recruited Gulston before

1  Rodriguez spoke with him. Second, defendant's conversation
2  with Gulston confirming the latter's readiness actually
3  occurred coincidently. The two spoke because they had bumped
4  into each other at the gas station. Indeed, when Rodriguez
5  first told Lall about his conversation with Gulston, Lall
6  initially had no understanding of who or what Rodriguez was
7  talking about.
8      Notably, too, Rodriguez told Lall that in his
9  conversation with Gulston, Gulston explained that he, Gulston
10 and Lall, had already discussed the matter.
11     In view of this record, the most that can be said is
12 that while Rodriguez was apparently eager to assist Lall in
13 some unspecified way, Lall and Gulston had already reached an
14 arrangement.
15     In another argument, the government interprets a
16 statement by Rodriguez as suggesting that Gulston was
17 subordinate to Rodriguez by reading the pronoun "you" in the
18 phrase attributed to Gulston, whenever "you're ready" to refer
19 to Rodriguez rather than Lall.
20     In my view, the more reasonable interpretation of
21 the reference is that Gulston told Rodriguez that whenever
22 Lall was ready, Gulston would assist.
23     Thus, I find nothing in the record to suggest that
24 Rodriguez enlisted Gulston's assistance or supervised or
25 managed his activities in any way.

Defense counsel is correct that insofar as Rodriguez does seem eager to confirm Gulston's assistance to Lall, he seems merely to be interjecting himself where his help would never have been sought. Clearly, tape 5E demonstrates that Rodriguez has some knowledge of the importation and distribution conspiracy and is desirous of playing a role but the meager affirmative steps he takes, as reflected in tape 5E, were apparently neither necessary nor even solicited.

There is no evidence to support the inference that Rodriguez enlisted Gulston or, beyond his palpable desire to help and the fact that he reconfirmed Gulston's assistance, had any identifiable role in the scheme. The only other evidence -- that when Gulston arrived at work on October 13, 2003, he tried unsuccessfully to contact both Lall and Rodriguez -- does tend to suggest that Rodriguez was likely aware that the shipment was to arrive on that date but it does not serve to delineate what role Rodriguez was to serve at that time.

Although one might infer that Rodriguez was somehow to be involved in moving the shipment, even that inference is tenuous since Gulston had already told Lall that he, Gulston, would "pull" it.

In short, although the evidence does suffice to establish defendant's knowing and intentional participation in the conspiracy, the only evidence of his actual role

establishes that his function is redundant as counsel has noted. That does not, of course, absolve Rodriguez of guilt but it does warrant according him a minimal role in the conspiracy.

Accordingly, I find that Rodriguez's adjusted offense level under the advisory guideline is 14, which with a criminal history category of one carries a range of imprisonment of 15 to 21 months. In assessing an appropriate sentence, I have considered the advisory guidelines.

Turning to the nature and circumstance of defendant's offense, I have already addressed at length the evidence establishing that defendant's role was uniquely limited. Though the evidence established Rodriguez to be a culpable coconspirator, his only role reasonably inferable from the trial evidence, that is insuring that Gulston was available, was participation that does not appear to have been solicited and was in fact redundant.

I have rarely encountered a case in which defendant's role was so marginal and peripheral and I believe my exposure reasonably comparable to that of judges nationwide. Therefore, I believe this factor strongly mitigates defendant's culpability and the nature and seriousness his offense.

On the other hand, in considering the nature and circumstances of the offense, I have in the case of

1  Mr. Rodriguez, like the other airport employees, considered as
2  an exacerbating factor the fact that he made use of his job
3  position at JFK Airport in the committing the crimes of which
4  he was convicted.
5       Although I have found that the government failed to
6  present evidence sufficient to find by a preponderance that
7  law enforcement authorities in fact reposed trust in the
8  airport employees, a finding essential to impose the abuse of
9  trust enhancement under the advisory guidelines, there is
10 ample evidence in the record to establish the defendant took
11 advantage of his job in committing these offenses, a job that
12 though not established to be a repository of trust by law
13 enforcement, is nonetheless a highly sensitive one due to the
14 enhanced societal dangers posed by corruption at a major
15 international port or airport such as John F. Kennedy
16 International Airport.
17      That said, however, weighing the nature and
18 circumstance of defendant's offense, I find that on the whole,
19 they sharply limit the seriousness of his conduct.  I reach
20 this conclusion primarily based on the bizarrely restricted
21 role he played in the crime coupled with absence of evidence
22 of weapons or violence of any kind.
23      Turning to the history and characteristics of the
24 defendant, Mr. Rodriguez is a 38 year old citizen.  He is
25 married and he and his wife together have a 15 year old son.

Additionally, defendant's wife has four children from a prior marriage whom defendant sponsored to come to the United States, legally adopted them and enabled them to acquire United States citizenship.

Of these, at least four, and presumably their three progeny, remain financially dependent upon defendant, his wife who is unemployed and who experiences health problems, their 15 year old son, his stepdaughter Aneya who is unemployed and has two children, and his stepdaughter Lorena, a college student and the mother of one child.

Defendant has had a consistent work history even following his arrest. He managed to secure work for some period of time as a delivery driver. Again, following his release from five weeks imprisonment after his conviction in the middle of last year, he returned to the same job he had previously held with Walsh Messenger Service. And I gather now he was free-lancing but essentially doing the same thing. While employed, defendant also engaged in various educational programs, completing two semesters at a technical institute, a real estate course and a computer graphics course.

Defense submissions also document that the defendant's wife has suffered a number of health problems and powerfully demonstrate the extent to which all of the children are fiercely supportive of their father. Of particular significance is the fact that in July of last year, defendant

1 voluntarily entered a substance abuse program to deal with his
2 marijuana addiction. This factor, voluntary presentence
3 rehabilitation, also militates in favor of leniency in
4 sentencing.
5     Notably, two defendants had no prior convictions or
6 arrests or any prior brushes the with the law.
7     Given all of the facts and circumstances pertaining
8 to the defendant and his offenses, I believe that a sentence
9 of six months imprisonment is sufficient but not unduly severe
10 to accomplish the goals of sentencing enumerated in
11 Section 3553(a).
12     Though the crimes of conviction are serious, their
13 seriousness is mitigated in the defendant's case, rendering
14 the selected sentence sufficient to promote respect for the
15 law and serve the goals of just punishment.
16     Further, in my estimation, the facts and
17 circumstances of this case point to an extremely low risk of
18 recidivism, suggesting that the selected sentence amply serves
19 the statutory goal of protection of the public against future
20 acts of the defendant.
21     Finally, in light of all of the circumstances
22 discussed, I view the selected sentence as sufficient to serve
23 the goals of general deterrence and to insure that the
24 sentence imposed not create unwarranted sentencing
25 disparities.

1          I believe this sentence under the circumstances of
2  defendant's case is of sufficient severity to serve as a
3  deterrent to other airport employees who might otherwise
4  succumb to the temptation to corrupt their sensitive positions
5  for pecuniary or other personal gain.
6          I therefore sentence Mr. Rodriguez to the custody of
7  the Attorney General for six months, to be followed by a
8  two-year period of supervised release with special conditions
9  that he participate in any substance abuse treatment with a
10 treatment provider selected by the probation department.
11 Treatment may include outpatient or residential treatment.
12 The defendant shall abstain from all illegal substances and/or
13 alcohol and contribute to the cost of services rendered by
14 co-patient or full payment in an amount to be determined by
15 the probation department based on his ability to pay and/or
16 the availability of third-party payment. I also prohibit
17 possession of a firearm.
18         I make a finding that he is unable to pay a fine but
19 I will impose the mandatory $200 special assessment and I
20 should clarify that the 6 months custody is to run
21 concurrently on counts three and four.
22         There are underlying indictments?
23         MR. D'ALESSANDRO: There are underlying indictments.
24 We move they be dismissed.
25         THE COURT: The motion is granted.

1   Mr. Rodriguez, as you know, you are entitled to
2   appeal both your conviction and your sentence. If you choose
3   to appeal, a notice of appeal must be filed within 10 days. I
4   know that you have retained counsel. If for some reason you
5   could not afford counsel on appeal, counsel would be appointed
6   to represent you.
7         I'm assuming because there is so little time left on
8   Mr. Rodriguez's sentence, that he is automatically going to go
9   to the MDC but if you have any other request, I'll honor it.
10        MS. SHROFF: Your Honor, may he surrender at an
11  appropriate date?
12        THE COURT: Yes.
13        MS. SHROFF: Does the Court have a date in mind?
14        THE CLERK: May 24th.
15        MS. SHROFF: Thank you, your Honor.
16        (Matter concluded.)